HANLON, JUDGE:
This action was brought by United States Fidelty & Guarantee Company (hereinafter referred to as USF&G), claimant subrogee, and claimants Robert J. Margolis and Virginia Lea Margolis, individually, to recover for vehicular loss and personal injuries to claimant Virginia Lea Margolis, which occurred when the Margolis' were involved in an accident on *18 October 13, 1986, on Route 33 in the vicinity of Buckhannon, West Virginia.
Claimant Robert J. Margolis was operating his 1985 Chevrolet Suburban on Route 33 west. His wife, claimant Virginia Lea Margolis, was a passenger. Claimants had spent a long weekend at their second home in Harmon, West Virginia, and were proceeding to Hurricane, West Virginia. It was approximately 10:00 a.m. There was a slight drizzle of rain. Route 33 in this area is a two-lane, blacktopped highway. Claimant Robert Margolis alleges that the edge of the pavement broke and his vehicle went into a sixteen-inch depression at the edge of the payment. The steering mechanism "locked up" and he was unable to steer at that point in time. The vehicle then crossed the highway to the other side where it went off the travel portion of the highway into a field and struck a tree where it came to rest. Mr. Margolis described the accident as follows: "... I'm under the opinion that the shoulder broke, I dropped down into the, there was a large ditch there... it was just wide enough for a tire track to go in and I felt at that time comfortable that I was going to be able to recover because I knew to try to run it out rather then try to bring it back. But all of a sudden the car ... catapulted out of the ditch and the steering mechanism seemed to be locked and I went across the road at an angle. I found out later that a car coming the other direction that I clipped his headlight. I had totally no control over the car, hit a tree, sort of slipped over and rolled over the bank." Mr. Margolis explained that it was his opinion that the control arm had come up against the inside of the wheel and locked the wheel up, and that fact explains the apparent loss of control.
Louis Lester Anderson, a Deputy Sheriff with the Upshur County Sheriff's Department, testified that he investigated this accident. He filed a West Virginia Uniform Traffic Accident Report form on which he had taken a statement from Mr. Margolis at the scene. The statement was as follows: "I was traveling west on 33. My right front tire dropped down into a ditch along the pavement. And the rear of the vehicle came around putting me out of control. And the vehicle was heading into the oncoming vehicle. I tried to gain control, but was unable, striking a tree head on and rolled over the embankment on the opposite side of the road." He testified that he did not observe any defects in the traveled portion of Route 33 at this area. He also testified from the report as to the statement of the driver of the vehicle struck by the Margolis vehicle. Mr. Durst provided the following description of the accident to Deputy Sheriff Anderson: "I was traveling east on 33, and I saw the other vehicle run off the right side of the road. Then it came back on the road and it crossed in front of me and hit right rear of the vehicle - hit my right front of vehicle."
Virginia Lea Margolis described the accident in her testimony. She stated that the vehicle went off the road, started fishtailing, and went across the road end over end.
Respondent alleges that claimant Robert Margolis had no reason to drive onto the berm as there were no defects on Route 33 in this area to cause the driver to proceed onto the berm.
The testimony from respondent employees responsible for maintaining this area of *19 Route 33, revealed that routine maintenance during the spring and fall of each includes ditching and pulling the shoulders which alleviates the drop off from the paved portion of the road to the berm. Each lane on this highway was approximately eleven to twelve feet in width. The drop off at the edge of the pavement was described as being sixteen inches. Marvin Murphy, Assistant District Engineer for maintenance for respondent, testified upon reviewing photographs of the area, that the condition of the berm warranted placing hazard boards along the shoulder "to keep people directed properly away from the edge of the pavement, or make them aware of it when they come in there not to get to the edge of the pavement."
This Court has ben consistent in its opinions on berm cases. The respondent is held liable for failure to maintain the berm when a driver is placed in a position to have to use the berm. Cecil vs. Dept. of Highways, 15 Ct.Cl. 73 (1984). Where a driver proceeds onto the berm without justification, the Court has found no liability on the part of the respondent. Cole vs. Dept. of Highways, (January 17,1986). It is the opinion of the Court that claimant, Robert J. Margolis, negligently drove too close to the pavement edge.
On the other hand, the evidence in this claim clearly established that the respondent was negligent in the maintenance of the berm at the accident site. The evidence is equally clear that claimant Robert J. Margolis drove his vehicle past the white line at the edge of the pavement surface of Route 33.
Claimant contends the edge of the pavement gave way causing his front wheel to drop into the rut at the pavement edge. The photographic evidence fails to support this contention which in turn leads the Court to conclude that for whatever reason, claimant was driving too close to the edge of the highway, and his own carelessness caused his wheel to leave the highway.
Thus, claimant Robert J. Margolis' negligence equaled respondent's negligence in failing to properly maintain the berm. Accordingly, the claim of Robert J. Margolis is denied.
On the other hand, claimant Virginia L. Margolis was an innocent passenger who suffered injuries as a result of the combined negligence of her husband and respondent. Mr. Margolis has incurred medical expenses in the amount of $1,335.18, which amount was paid by claimant USF&G. Claimant also continues to suffer pain and limitation of motion to her shoulder.
It is the opinion of the Court that claimant Virginia L. Margolis has suffered injuries and is entitled to an award of $3,500.00. Inasmuch as the Court believes that the negligence of claimant's husband was equal to that of respondent, the Court denies any award to him.
As the negligence of the subrogor, Robert Margolis, is attributed to the subrogee, the claimant of USF&G is also denied.
Claim of USF&G, as subrogee of Robert and
*20 Virginia Margolis, disallowed.
Claim of Robert J. Margolis disallowed.
Award of $3,500.00 to Virginia L. Margolis.